IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                          No. 16-CV-00419-MCA-KBM
                                                             No. 14-CR-4062-MCA

RENE GONZALEZ-CHAVEZ,

    Defendant.

ORDER

    This matter is before the Court on Defendant's Motion for Appointment of Counsel and Waiver of Right to Appear In Person at the Resentencing Hearing, filed on May 9, 2016.  [CV Doc. 1; CR Doc. 52]  In his motion, Defendant requests appointment of counsel, because he alleges that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).  The Federal Public Defender has been reappointed to represent Defendant, in accordance with the Administrative Order In the Matter of Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004, Doc. 19 (D.N.M. March 25, 2016).  [CR Doc. 53]

    Defendant's motion was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").  Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  Therefore, consistent with *Castro*, the Court will notify Defendant that it intends to recharacterize his motion as a § 2255 motion and afford Defendant an opportunity to withdraw the motion or to amend it to add additional claims.  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must:  "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant").   If Defendant fails to timely amend or withdraw his motion, then any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§  2244 and 2255(h).

IT IS THEREFORE ORDERED that Defendant is granted leave to amend or withdraw his Motion for Appointment of Counsel and Waiver of Right to Appear In Person at the Resentencing Hearing [CV Doc. 1; CR Doc. 52], which the Court intends to recharacterize as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, within thirty (30) days of the entry of this Order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE